IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SILVIA RIZZO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-69-DGK |
| | ) | |
| CENTRAL BANK OF KANSAS CITY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

This case arises out of allegations that Defendant Central Bank of Kansas City ("Central Bank") fraudulently induced Plaintiff Silvia Rizzo ("Rizzo") to sign and serve as a co-borrower on a Central Bank loan ("Loan #03"). Rizzo brings claims for fraudulent misrepresentation, conversion, unjust enrichment, and violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(a).

Now before the Court is Rizzo's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 6) brought pursuant to Federal Rule of Civil Procedure 65. Rizzo seeks a temporary restraining order and preliminary injunction enjoining Central Bank from selling five properties co-owned by Rizzo that are collateral for Loan #03. The Court has reviewed Rizzo's suggestions in support of her motion (Doc. 7), Central Bank's response (Doc. 11), and Rizzo's reply (Doc. 13). Finding that Rizzo has not carried her burden of establishing the need for injunctive relief, the Court DENIES Rizzo's motion.[1]

---

[1] The Court finds that the record is sufficiently developed that no evidentiary hearing on the motion is necessary. There are no genuine issues of material fact in dispute here, and neither party has indicated that it intends to introduce evidence that, if believed, will weaken the opposing party's case enough to affect the Court's decision. *See Movie Sys., Inc. v. MAD Minneapolis Audio Distribs.*, 717 F.2d 427, 431–32 (8th Cir. 1983) (affirming the

In determining whether to grant a temporary restraining order or preliminary injunction under Rule 65, the Court considers: (1) the threat of irreparable harm to the movant; (2) the balance between this harm and any injury that granting the injunction will inflict on the non-moving party; (3) the likelihood that the moving party will prevail on the merits; and (4) the public interest. *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc); *see also Prudential Ins. Co. of Am. v. Inlay*, 728 F. Supp. 2d 1022, 1028 (N.D. Iowa 2010) (noting that the *Dataphase* factors apply to both temporary restraining orders and preliminary injunctions). All four factors must be "balanced to determine whether they tilt toward or away" from granting the injunction. *W. Publ'g Co. v. Mead Data Cent., Inc.*, 799 F.2d 1219, 1222 (8th Cir. 1986). An injunction is an extraordinary remedy and the movant bears the burden of establishing the need for such relief. *Noodles Dev., LP v. Ninth St. Partners, LLP*, 507 F. Supp. 2d 1030, 1034 (E.D. Mo. 2007)

Applying the *Dataphase* factors to the present case, the Court finds as follows. First, Rizzo has not established that she will suffer an immediate and irreparable injury if the Court does not issue injunctive relief. To demonstrate a sufficient threat of irreparable harm the moving party must show that there is no adequate remedy at law, meaning that an award of damages cannot compensate the movant for the harm. *See id.* at 1036–37. Missouri's statutory right of redemption allows a borrower who has been foreclosed upon one year to satisfy the debt. Mo. Rev. Stat. § 443.410. Rizzo does not face a sufficient threat of irreparable harm because an award of damages will allow her to redeem the five properties even if Central Bank sells them. *See, e.g.*, *Crow Creek Sioux Tribal Farms, Inc. v. U.S. I.R.S.*, 684 F. Supp. 2d 1152, 1158

---

district court's decision not to hold an evidentiary hearing on a proposed injunction because there was no material factual controversy).

2

(D.S.D. 2010) (finding no irreparable injury where the statutory redemption period was only 180 days). The first factor favors Central Bank.

Second, the balance of harms factor favors neither party. Granting the injunction will allow Rizzo to keep her five properties and generally avoid the substantial disruption that accompanies the loss of residential and commercial property. However, injunctive relief would also prevent Central Bank from taking possession of the properties and earning income from them. Further, Rizzo herself does not reside at any of the five properties facing foreclosure. Thus, the harm Rizzo faces is no greater than the harm Central Bank faces. *See, e.g.*, *Peterson v. Spectra Fin., Inc.*, No. 06-3796 (PAM/JSM), 2007 WL 967334, at *3 (D. Minn. Mar. 29, 2007) (finding that a mortgagor would incur slightly more harm than a mortgagee where the mortgagor faced *personal eviction* as a result of the foreclosure sale). The second factor favors neither party.

Third, Rizzo is unlikely to prevail on the merits. To demonstrate likelihood of success on the merits, a movant need not show that she ultimately will succeed on her claims. Rather, the party seeking injunctive relief must show only that the prospect for success is *sufficiently likely* to support the kind of relief she requests. *Noodles Dev.*, 507 F. Supp. 2d at 1034–35 (emphasis added) (citations omitted). That is, the movant need only show "a fair chance of prevailing." *Phelps-Roper v. Nixon*, 509 F.3d 480, 485 (8th Cir. 2007).

After reviewing the record and the applicable law, the Court is not convinced that Rizzo has a fair chance of prevailing. Rizzo alleges that Central Bank violated ECOA and the related Regulation B, 12 C.F.R. § 202.7. Regulation B, in part, prohibits creditors from requiring the signature of an applicant's spouse "on any credit instrument if the applicant qualifies under the creditor's standards of creditworthiness for the amount and terms of credit requested." 12 C.F.R.

§ 202.7(d)(1). Rizzo makes no allegation that her husband was independently creditworthy for Loan #03 under Central Bank's lending standards, and the Court is not convinced that Rizzo will be able to show that he was independently qualified. *See, e.g.*, *Frontenac Bank v. T.R. Hughes, Inc.*, 404 S.W.3d 272, 284–85, 290 (Mo. Ct. App. 2012) (discussing and affirming the circuit court's finding of fact that the creditor bank had in place lending standards that the applicant met). Thus, the Court finds that Rizzo does not have a fair chance at prevailing on her ECOA claim.

Rizzo also pleaded counts of fraudulent misrepresentation, conversion, and unjust enrichment. The Complaint contains conclusory statements that recite the bare elements of each of those claims. For instance, to prove fraudulent misrepresentation Rizzo must show that Central Bank made to her a representation that was false.[2] Rizzo claims that Central Bank falsely told her that the loan agreement for Loan #03 did not make her a co-borrower, yet acknowledges that the explicit language of the agreement made her a co-borrower and that her husband knew the agreement would make her a co-borrower. Given these inconsistencies, Rizzo has failed to convince the Court that she will be sufficiently likely to succeed on this element. To the contrary, having for several years maintained a lending relationship with Central Bank and owned commercial property, Rizzo appears to be an experienced, sophisticated borrower. Because fraudulent misrepresentation is essential to the counts of conversion[3] and unjust

---

[2] The elements of a claim for fraudulent misrepresentation are: *"(1) a representation; (2) its falsity;* (3) its materiality; (4) the speaker's knowledge of the falsity or his ignorance of the truth; (5) the speaker's intent that his statement be acted upon; (6) the hearer's ignorance of the falsity of the statement; (7) his reliance on the truth of the statement; (8) the hearer's right to rely on the statement." *Prudential Prop. & Cas. Ins. Co. v. Cole*, 586 S.W.2d 433, 436 (Mo. Ct. App. 1979) (emphasis added).

[3] A plaintiff may prove conversion in two ways applicable here: (1) a tortious taking; or (2) "any use or appropriation to the use of the person in possession, indicating a claim of right in opposition to the owner's rights." *Gadberry v. Bird*, 191 S.W.3d 673, 675 (Mo. Ct. App. 2006). Without fraudulent misrepresentation, Rizzo cannot show that the taking was tortious or that Central Bank's claim of right stands in opposition to Rizzo's rights.

enrichment,[4] Rizzo fails to demonstrate that she will prevail on those counts as well. Thus, Rizzo has not convinced the Court that she has a "fair chance" of prevailing on the merits of her state law claims. *See Phelps-Roper*, 509 F.3d at 485. This *Dataphase* factor favors Central Bank.

Fourth, the public policy factor favors denying injunctive relief. While public policy favors preventing wrongful foreclosure, the Court is not convinced that is occurring here. On the other hand, the public interest favors enforcement of contractual obligations. Public policy also weighs against imposing restrictions on the alienability of real estate, especially when some of the properties are not in current use. More specifically, the financial sector depends heavily on mortgage-backed securities, and the inability of banks to promptly recover via the foreclosure process significantly and adversely affects the economy. The public policy factors weigh against granting injunctive relief.

After weighing the above factors, the Court holds that Rizzo has not carried her burden of showing that the Court should grant the extraordinary relief sought. The motion is DENIED.

**IT IS SO ORDERED.**

Date: __February 5, 2014__

/s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4] The elements of unjust enrichment are: "(1) [the plaintiff] conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) the defendant accepted and retained the benefit under inequitable and/or unjust circumstances." *Howard v. Turnbull*, 316 S.W.3d 431, 436 (Mo. Ct. App. 2010). Without fraudulent misrepresentation, Rizzo cannot show that Central Bank retained the benefit of the pledged collateral under inequitable or unjust circumstances.